IN THE COMMONWEALTH COURT OF PENNSYLVANIA

ManorCare Health Services     :
Pittsburgh,     :
             Petitioner   :
    :
      v.         : No. 1557 C.D. 2016
    : Submitted: May 5, 2017
Department of Human Services,   :
         Respondent  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI           FILED: May 26, 2017


ManorCare Health Services Pittsburgh (ManorCare) petitions for review of the Bureau of Hearings and Appeals' (BHA) denial of its Invoice Exception Request because it was untimely. For the following reasons, we affirm.


**I.**

ManorCare is a nursing and rehabilitation provider which provides nursing services to inpatient residents at its facility. In February 2014, on behalf of one of its residents, ManorCare filed an application for Medical Assistance and Long-Term Care (MA-LTC) benefits for payment of long-term service that would be provided at one of its inpatient facilities.

Eighteen months later, on June 18, 2015, the Allegheny County Assistance Office found that the patient was eligible for benefits effective April 1, 2014. However, because the resident had transferred $10,000 in assets at less than fair market value to achieve financial eligibility, a penalty period was applied, making the resident ineligible for benefits until after May 4, 2014. ManorCare appealed the decision, arguing that retroactive benefits should have been granted from an earlier date. That appeal was denied on October 26, 2015.

On November 10, 2015, ManorCare filed an Invoice Exception Request with the Department of Human Services (Department) seeking payment for the period of May 5, 2014, through April 30, 2015. An invoice exception request was necessary because of the time periods set forth in 55 Pa. Code § 1101.68(b)(1) for requesting payment for service which states that "[a] provider shall submit original or initial invoices to be received by the Department within a maximum of 180 days after the date the services were rendered or compensable items provided." However, should a provider miss the deadline, they may seek an exception provided "[e]ligibility determination was requested within 60 days of the date of service and the Department has received an invoice exception request from the provider within 60 days of receipt of the eligibility determination." 55 Pa. Code § 1101.68(c)(1).

The Department denied the Invoice Exception Request because it was not submitted within 60 days of the June 18, 2015 notice when the resident's eligibility for benefits was determined. ManorCare appealed that determination.

After a hearing, an Administrative Law Judge (ALJ) issued a recommendation and adjudication denying in part and sustaining in part ManorCare's appeal. The ALJ found that ManorCare failed to submit its Invoice Exception Request within 60 days of the June 18, 2015 denial of eligibility by the Department. On the same day, the BHA issued an Order adopting the ALJ's recommendation. Unsure of what the Order was actually sustaining or denying, ManorCare sought review and clarification of the Order from the Secretary, who subsequently granted reconsideration on May 18, 2016.

After 180 days passed from the November 14, 2016 order granting reconsideration of the Department's determination and the Secretary had failed to make a determination on its appeal,[1] ManorCare requested the Department to pay the invoices, asserting that pursuant to 55 Pa. Code § 41.212(i), the Secretary's inaction led to the "deemed approval" of ManorCare's appeal. The Department refused to do so, arguing that ManorCare's appeal had actually been deemed denied because, under the regulation, it was the BHA order that was deemed approved.

While that was all going on and before the 180 days had passed, in September 2016, ManorCare filed a petition for review in this Court's original jurisdiction. The Department filed an application for relief for the purpose of clarifying whether the appeal should be in this court's original or appellate

---

[1] According to 55 Pa. Code § 41.212 (i), "[i]f the Secretary fails to act within 180 days of the order granting review, the determination of the Bureau will be deemed approved by, and the final order of, the Secretary effective the date it is deemed approved."

jurisdiction. We issued a Memorandum and Order on January 12, 2017, noting that the appeal, though premature, would be treated as a timely petition for review from the November 14, 2016 deemed denial of ManorCare's appeal. We also granted ManorCare's motion to correct and supplement the record.

## II.

### A.

ManorCare argues that its appeal was deemed sustained because the Secretary failed to act within 180 days of the filing of its request for reconsideration. Therefore, under 55 Pa. Code § 41.212(i), ManorCare's request for reconsideration was granted. However, that position is contrary to the plain language of the regulation which provides that the BHA's determination denying ManorCare's Invoice Exception Request is the order deemed approved, not the appeal ManorCare filed with the Secretary to overturn that decision. As we stated in our January 12, 2017 Memorandum and Order, "the 180-day period in this case expired on November 14, 2016 due to inaction by the [Secretary]. Accordingly, the merits order again became appealable on November 14, 2016." Furthermore, we held that all portions of the petition for review which related to the Secretary's failure to act should be stricken and that "the petition for review [was] timely filed from the November 14, 2016 deemed denial." Memorandum and Order, January 12, 2017.

### B.

Even if its request was not deemed approved, ManorCare argues that the Department erred in finding that its Invoice Exception Request was untimely

4

because its appeal of the Department's June 18, 2015 denial notice stayed the running of the 60-day period that it had to file an invoice exception request. Because that appeal was decided on October 26, 2015, ManorCare argues that its November 10, 2015 submission of an Invoice Exception Request was within 60 days, making it timely.

Under 55 Pa. Code § 1101.68(b)(1), a provider has 180 days after the date the services were rendered to submit original or initial invoices to the Department.[2]  Here, the eligibility determination providing that the resident was eligible for MA-LTC services as of May 5, 2014, was not issued until June 18, 2015.[3]  When a provider cannot timely submit an invoice, as here, because an eligibility determination for benefits has not been made, the regulation provides an

---

[2] This is commonly referred to as the "180-day rule."  A medical assistance nursing facility provider has until the end of the calendar month to seek reimbursement for all days of services provided in that month.  If original invoices are not received within 180 days of the time periods provided in 55 Pa. Code § 1101.68(b)(1), those invoices are rejected unless the exceptions and requirements found in 55 Pa. Code §§ 1101.68(c) and (d) apply.  55 Pa. Code § 1101.68(d)(5) provides that "[n]o exceptions to the normal invoice processing deadlines will be granted other than under this section."

"This Court has held that substantial compliance with Medical Assistance regulations is not sufficient, but, rather '[s]trict compliance with the regulations pertaining to submission of claims is required where disbursement of public funds is at issue. . . .  Men must turn square corners when they deal with the Government.'" *Grane Hospice Care, Inc. v. Department of Public Welfare*, 72 A.3d 322, 327 (Pa. Cmwlth. 2013) (quoting *Nayak v. Department of Public Welfare,* 529 A.2d 557, 562 (Pa. Cmwlth 1987)).

[3] It appears that approximately half the services at issue here – services provided from May 5, 2014, through April 30, 2015, — were rendered within 180 days of the June 18, 2015 eligibility determination, so a request for payment for those services submitted promptly after that decision would have been paid without an exception being filed.

exception to the 180-day rule by allowing a provider to submit an invoice exception request for payment within 60 days of receipt of the Department's eligibility determination. Under the regulation, ManorCare had until August 17, 2015, to submit an invoice exception request from the June 18, 2015 eligibility determination. It did not file its request until November 10, 2015.

ManorCare's position that the 60-day period did not begin until October 26, 2015, when its appeal of the June 18, 2015 order was decided is not tenable for several reasons. First, nowhere in the Department's regulations does it provide that an appeal from a Department eligibility determination stays the 60-day period a provider has to submit an invoice exception request. If ManorCare wanted a stay, it was obligated to seek one. Second, even if there was a regulation that provided for such a stay, that stay would not excuse ManorCare from timely filing invoices for services for May 5, 2014, through April 30, 2015. All the stay means is that actions involving the matter involved are held in abeyance pending resolution of the appeal. The October 26, 2015 adjudication did not involve those payments for May 5, 2014, through April 30, 2015. It only dealt with payments from April 1, 2014, to May 4, 2014, the period the resident was found ineligible for benefits.[4]

---

[4] Even if its request was untimely, ManorCare contends that the reason it had to file an invoice exception request at all was because it took 18 months from the filing of the application for MA-LTC benefits to get a decision, and the Department should have granted ManorCare's Invoice Exception Request whether it was late or not. However, this type of delay is anticipated by 55 Pa. Code § 1101.68(b)(1) which allows a provider to seek reimbursement within 60 days of the date an eligibility determination has been made.

Accordingly, we affirm the BHA's order denying ManorCare's Invoice Exception Request as untimely.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

ManorCare Health Services       :
Pittsburgh,                        :
              Petitioner   :
                            :
         v.              : No. 1557 C.D. 2016
                            :
Department of Human Services,  :
             Respondent :

# **O R D E R**

AND NOW, this 26th day of May, 2017, the order of the Bureau of Hearings and Appeals dated April 8, 2016, in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge